UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| STEVEN NEAL FAIN and <br> NANCY FAIN, <br>     Plaintiffs <br> v. <br><br> TRIPLE B TRUCKING, LLC, <br> WABASH NATIONAL CORPORATION, <br> GREGORY PETERSON, <br> PROGRESSIVE DIRECT INSURANCE <br>   COMPANY, and <br> KENTUCKY FARM BUREAU MUTUAL <br>   INSURANCE COMPANY <br><br>     Defendants. | CAUSE NO. 3:15-cv-163 |

## COMPLAINT AND JURY DEMAND

Now come Plaintiffs Steven Neal Fain ("Plaintiff" hereinafter) and Nancy Fain ("Mrs. Fain"), by undersigned counsel, and for their Complaint against Defendants Triple B Trucking, LLC ("Triple B"), Wabash National Corporation ("Wabash"), Gregory Peterson ("Peterson"), Progressive Direct Insurance Company ("Progressive") and Kentucky Farm Bureau Mutual Insurance Company ("KFB") state and allege the following:

### PARTIES AND JURISDICTION

1. Plaintiffs are husband and wife and are citizens and domiciliaries of the Commonwealth of Kentucky, normally residing at 4256 Trigg Turner Road, Corydon, Kentucky 42406.

2. Triple B is a limited liability company formed under the laws of the

State of Florida, having its principal office located at 777 S. Flagler Drive, Suite 800 West Tower, West Palm Beach, Florida 33401. Triple B's registered agent for service of process is Benjamin Roman, 777 S. Flagler Drive, Suite 800 West Tower, West Palm Beach, Florida 33401.

3. Wabash is a corporation formed under the laws of the State of Delaware, having its principle place of business located at 1000 Sagamore Parkway South, Lafayette, Indiana 47905. Wabash's registered agent for service of process is Corporation Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, Indiana 46204.

4. Upon information and belief, Peterson is a citizen and domiciliary of the State of Florida, normally residing at 7132 Copperfield Circle, Lake Worth, Florida 31467. Peterson is an agent and/or employee of Triple B.

5. Progressive is an insurance company formed under the laws of the State of Ohio, and is licensed to do business in the Commonwealth of Kentucky and in the State of Indiana. Its principal place of business is located at 6300 Wilson Mills Road W33, Cleveland, Ohio 44143. According to records on file at the Indiana Secretary of State's Office, Progressive's agent for service of process in Indiana is CT Corporation System, 251 E. Ohio Street, Suite 1100, Indianapolis, Indiana 46204.

6. KFB is an insurance company formed under the laws of the Commonwealth of Kentucky and is licensed to do business in Kentucky by the Kentucky Department of Insurance. Its principal place of business is located at

9201 Bunsen Parkway, Louisville, Kentucky 40220. According to records on file at the Kentucky Department of Insurance, KFB's registered agent for service of process is L. Gregory Kosse, 9201 Bunsen Parkway, Louisville, Kentucky 40220.

7. Jurisdiction is proper in this Court as there exists complete diversity of citizenship among the parties to this lawsuit and the amount in controversy exceeds $75,000.

8. Venue is proper in the Evansville Division of this Court because a substantial part of the events or omissions giving rise to the claims occurred in Union Township, Gibson County, Indiana.

## COUNT I - NEGLIGENCE

9. Plaintiffs reallege and incorporate by reference Paragraphs 1-8 above as if fully rewritten herein.

10. On or about August 13, 2015, Plaintiff was a passenger in a vehicle operated by Michael J. Smith. They were southbound on U.S. 41 and stopped for a traffic light at the intersection of U.S. 41 and Coal Mine Road in Union Township, Gibson County, Indiana. Several vehicles were stopped in traffic along with the vehicle in which Plaintiff was riding.

11. At the same time, Peterson was operating a semi tractor truck owned by Triple B hitched to a trailer owned by Wabash southbound on U.S. 41 behind Plaintiff and the other vehicles stopped for the traffic light at Coal Mine Road.

12. Peterson owed the duty to Plaintiff and all others on the roadway to

operate his semi-tractor trailer in the same manner that a reasonably prudent person would under the same or similar circumstances.

13. Peterson breached said duty by negligently operating his semi-tractor trailer in a manner to cause a collision with the vehicle in which Plaintiff was a passenger and several other vehicles in the intersection.

14. Upon information and belief, Peterson was texting and/or using a hand-held mobile device at the time of the collision.

15. Peterson's negligence included, but was not limited to: (1) failure to slow the vehicle and maintain a safe speed for the conditions of the roadway present at the time; (2) failing to keep the vehicle he was driving under proper control so as to avoid a collision; (3) failure to keep a proper lookout ahead of him; and (4) driving while distracted.

16. As a direct and proximate result of Peterson's negligence, Plaintiff Steven Neal Fain was catastrophically injured, and has:

  (a) Suffered temporary and permanent bodily injury;

  (b) Suffered physical and mental pain and suffering;

  (c) Lost wages;

  (d) Suffered permanent impairment of the power to earn money;

  (e) Will continue to suffer physical and mental pain and suffering;

  (f) Incurred hospital and other medical expenses; and

  (g) Will incur hospital and other medical expenses in the future,

all in an amount in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT II – NEGLIGENCE *PER SE*

17. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-16 of the Complaint as if fully rewritten herein.

18. At all times material hereto, I.C. 9-21-5-1(a) stated, "A person may not drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing. Speed shall be restricted as necessary to avoid colliding with a person, vehicle, or other conveyance on, near, or entering a highway in compliance with legal requirements and with the duty of all persons to use due care."

19. At all times material hereto, I.C. 9-21-5-4(a) stated, "The driver of each vehicle shall, consistent with section 1 of this chapter, drive at an appropriate reduced speed as follows: (1) When approaching and crossing an intersection or railway grade crossing."

20. At all times material hereto, I.C. 9-21-8-14 stated, "A person who drives a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of both vehicles, the time interval between the vehicles, and the condition of the highway."

21. At all times material hereto, I.C. 9-21-8-50 stated, "A person who operates a tractor-trailer combination in a reckless or deliberate attempt to: (1) Endanger the safety or property of others; or (2) Block the proper flow of traffic; commits a Class B misdemeanor.

22. At all times material hereto, I.C. 9-21-8-59(a) stated, "A person may

not use a telecommunications device to: (1) type a text message or an electronic mail message; (2) transmit a text message or an electronic mail message; or (3) read a text message or an electronic mail message; while operating a moving motor vehicle unless the device is used in conjunction with hands free or voice operated technology, or unless the device is used to call 911 to report a bona fide emergency."

23. At all times material hereto, 49 C.F.R. §392.80(a) stated, "No driver shall engage in texting while driving."

24. At all times material hereto, 49 C.F.R. §392.82(a)(1) stated, "No driver shall use a hand-held mobile device while driving a Commercial Motor Vehicle."

25. I.C. 9-21-5-1, I.C. 9-21-5-4, I.C. 9-21-8-14, I.C. 9-21-8-50, and I.C. 9-21-8-59 are statutes enacted for the safety and benefit of motorists lawfully using Indiana's highways.

26. 49 C.F.R. §392.80 and 49 C.F.R. §392.82 are federal regulations enacted for the safety and benefit of motorists lawfully using any highways in the federal highway system.

27. Plaintiff Steven Neal Fain was a person within the scope of the protected class of persons contemplated by I.C. 9-21-5-1, I.C. 9-21-5-4, I.C. 9-21-8-14, I.C. 9-21-8-50, and I.C. 9-21-8-59 and by 49 C.F.R. §392.80 and 49 C.F.R. §392.82.

28. Defendant Peterson violated I.C. 9-21-5-1 by operating his vehicle at a greater speed than is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing.

29. Defendant Peterson violated I.C. 9-21-5-4 by failing to drive at an

appropriate reduced speed when approaching the intersection of U.S. 41 South and Coal Mine Road, where the collision occurred.

30. Defendant Peterson violated I.C. 9-21-8-14 by following another vehicle more closely than is reasonable and prudent, having due regard for the speed of both vehicles, the time interval between vehicles, and the condition of the highway.

31. Defendant Peterson violated I.C. 9-21-8-50 by operating his tractor-trailer combination in a reckless manner.

32. Defendant Peterson violated I.C. 9-21-8-59 by using a telecommunications device to type, transmit, or read a text message or electronic mail message.

33. Defendant Peterson violated 49 C.F.R. §392.80 by engaging in texting while driving.

34. Defendant Peterson violated 49 C.F.R. §392.82 by using a hand-held mobile telephone while driving a commercial motor vehicle.

35. As a direct and proximate result of Defendant Peterson's violation of the statutes set forth above, Plaintiff Steven Neal Fain was catastrophically injured, and has:

    (a)    Suffered temporary and permanent bodily injury;

    (b)    Suffered physical and mental pain and suffering;

    (c)    Lost wages;

    (d)    Suffered impairment of the power to earn money;

    (e)    Will continue to suffer physical and mental pain and suffering;

    (f)    Incurred hospital and other medical expenses; and

(g) Will incur hospital and other medical expenses in the future,

all in an amount in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT III – LOSS OF CONSORTIUM

36. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-35 above as if fully rewritten herein.

37. Plaintiff Nancy Fain is, and was at all times material, the wife of Plaintiff Steven Neal Fain.

38. As a direct and proximate result of Defendant Peterson's negligence and negligence *per se,* Mrs. Fain has suffered damages including, but not limited to, the loss of the services, support, comfort, care, consortium and companionship of her spouse, Steven Neal Fain, along with other expenses resulting from said negligence, all in an amount in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT IV – RESPONDEAT SUPERIOR/AGENCY

39. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-38 above as if fully rewritten herein.

40. Upon information and belief, and at all times relevant hereto, Peterson was an agent and/or employee of Triple B and/or Wabash and was acting within the court and scope of his agency and/or employment at the time of the wreck.

41. Triple B and Wabash are vicariously liable for the negligent acts, and

the damages resulting therefrom, of Peterson pursuant to the doctrine of *respondeat superior* and the laws of agency.

### COUNT V – UNDERINSURED MOTORIST - PROGRESSIVE

42. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-41 above as if fully rewritten herein.

43. At the time of the motor vehicle collision described above, the vehicle in which Plaintiff was a passenger was covered by an automobile insurance policy with Defendant Progressive.

44. Upon information and belief, the Progressive policy is governed by Kentucky law.

45. Upon information and belief, the Progressive policy covering the vehicle in which Plaintiff was a passenger provided for Underinsured Motorists protection for bodily injury.

46. Upon information and belief, under the terms of the Progressive policy Plaintiff is an insured person.

47. Defendant Peterson was an Underinsured Motorist as that term is defined by the Progressive policy and pursuant to the Kentucky Motor Vehicle Reparations Act.

48. Because Defendant Peterson was an Underinsured Motorist, then Progressive is liable pursuant to the terms of the Progressive policy to pay Plaintiff for his damages in excess of any insurance coverage provided by Defendant Peterson's liability insurance policy.

## COUNT VI – UNDERINSURED MOTORIST - KFB

49. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-48 above as if fully rewritten herein.

50. At the time of the motor vehicle collision described above, Plaintiff was covered by an automobile insurance policy with Defendant KFB.

51. The KFB policy is governed by Kentucky law.

52. The KFB policy provided for Underinsured Motorists protection for bodily injury.

53. Defendant Peterson was an Underinsured Motorist as that term is defined by the KFB policy and pursuant to the Kentucky Motor Vehicle Reparations Act.

54. Because Defendant Peterson was an Underinsured Motorist, then KFB is liable pursuant to the terms of the KFB policy to pay Plaintiff for his damages in excess of any insurance coverage provided by Defendant Peterson's liability insurance policy.

**WHEREFORE,** Plaintiffs Steven Neal Fain and Nancy Fain demand the following relief:

a. Judgment against Defendants for special damages and general damages in an amount in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court;

b. Plaintiffs' costs herein expended, including a reasonable attorney's fee and pre-judgment and post-judgment interest;

   e. Pre-judgment and post-judgment interest;

   f. A trial by jury on all issues; and

   g. Any and all other such relief, at law or in equity, to which Plaintiffs may reasonably appear to be entitled.

          Respectfully submitted,

          CURT HAMILTON LAW OFFICE PLLC
          110 North Main Street
          Henderson, Kentucky 42420
          Phone: (270) 844-8205
          Facsimile:  (270) 844-8202
          Email:  curt@curthamiltonlaw.com

    By: *s/Curtis J. Hamilton III*
       Curtis J. Hamilton III
       *Counsel for Plaintiffs*